ESPINET, DEMANDANTE Y APELADO, v. ALVAREZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre cobro de dinero.

No. 1543.—Resuelto en junio 5, 1917.

CRÉDITOS MERCANTILES—CESIÓN DE CRÉDITOS—NOTIFICACIÓN AL DEUDOR—CONSENTIMIENTO DEL DEUDOR.—Cuando se establece una demanda para el cobro de varios créditos mercantiles cedidos al demandante, la omisión en alegar la notificación formal de la cesión y el requerimiento previo por el demandante como cesionario, no es fatal para la demanda. El artículo 347 del Código de Comercio determina que tales créditos podrán ser transferidos sin el consentimiento del deudor, y lo que en él se dispone en cuanto a la notificación es principalmente para protegerle contra un doble pago.

ID. — CAPACIDAD PARA LITIGAR — AMBIGÜEDAD RESPECTO AL CARÁCTER CON QUE LITIGA EL DEMANDANTE.—Si bien la capacidad con que litiga un demandante debe ser alegada en el párrafo inicial de la demanda, cuando no existe más que un demandante y se alega en una de las varias causas de acción debidamente acumuladas, que tal demandante es una sociedad mercantil, siendo ésta la única referencia a tal capacidad, sin que aparezca perjudicado en manera alguna el demandado por este motivo, no es un error que dé lugar a la revocación de la sentencia el que la corte sentenciadora haya desestimado la excepción de que existe ambigüedad respecto a que si el demandante es una sociedad mercantil o un individuo particular que hace negocios bajo su propio nombre.

ID.—PRUEBA DOCUMENTAL—INCONGRUENCIA CON LA DEMANDA—SORPRESA O PERJUICIO—ERROR NO PERJUDICIAL.—Cuando el apelante meramente reproduce en su alegato el fundamento de su excepción oponiéndose a la admisión como prueba de ciertas escrituras presentadas para justificar la personalidad de un acreedor cedente que resulta ser una sociedad en liquidación, por ser dicha prueba incongruente con la demanda en la que se alega que es una sociedad mercantil establecida en cierta ciudad en la cual tiene establecimiento de comercio, tal incongruencia, sin alegarse sorpresa o perjuicio o cualquiera otra buena razón para que se revoque la sentencia, es inmaterial y el error, caso de existir, no es perjudicial.

ID.—CESIÓN DE CRÉDITOS—PRESUNCIÓN DE CAUSA.—Aun cuando en este caso la prueba en cuanto a la compensación en la cesión del crédito no es muy satisfactoria, siendo ésta una cuestión de hecho que fué resuelta por la corte inferior y presumiéndose que existe consideración, mientras no se demuestra otra cosa, no habiendo el demandado presentado prueba de fraude, simulación o falta de causa, no existe error manifiesto que exija la revocación de la sentencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel A. Rivera.*

Abogado del apelado: *Sr. Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal. .

La Corte de Distrito de Ponce dictó sentencia contra el apelante basándose en nueve de las once distintas causas de acción alegadas en una sola demanda, las cuales consisten en una serie de pequeños créditos, que con una sola excepción habían sido cedidos al demandante.

Se alega que la corte de distrito cometió error:

"1°. Por haber declarado sin lugar una excepción previa a cada una de las causas de acción de que no aducían hechos suficientes para una buena causa de acción.

"2° Por haber declarado sin lugar una excepción a la 11ª. causa de acción por ser la demanda ambigua.

"3° Por haber admitido dos escrituras para probar la personalidad en la 9ª. causa de acción.

"4°. Por haber declarado que hubo suficiente compensación en las ocho causas de acción en que se hizo cesión del crédito.

"5°. Errónea apreciación del artículo 1182 del Código Civil y 108 de la Ley de Evidencia.

"6°. Haber declarado con lugar la demanda en las ocho primeras causas de acción, o sea las procedentes de créditos cedidos."

El primer señalamiento de error se funda en el artículo 347 del Código de Comercio, el cual prescribe lo siguiente:    •

"Artículo 347.—Los créditos mercantiles no endosables ni al portador, se podrán transferir por el acreedor sin necesidad del consentimiento del deudor, bastando poner en su conocimiento la transferencia.

"El deudor quedará obligado para con el nuevo acreedor en virtud de la notificación, y desde que tenga lugar no se reputará pago legítimo sino el que hiciese a ésta."

Se sugiere también que no existe alegación alguna en la demanda de haberse solicitado antes el pago de dichos créditos por el demandante al demandado, pero no se cita ninguna autoridad para sostener la proposición de que es necesaria tal alegación, y no es de la incumbencia de este tribunal

ni tiene éste tiempo disponible para adicionar el alegato del apelante en ningún caso haciendo una investigación por separado de las cuestiones dudosas y técnicas sobre las alegaciones. Se alega en cada una de las causas de acción que se hacen por separado, que el demandado no ha satisfecho el saldo especificado que está vencido y se debe a los respectivos cedentes del demandante ni ninguna parte del mismo, y quedó probado que los cedentes del demandante hicieron repetidos requerimientos y también que se dijo al demandado que los créditos iban a ser traspasados a Nadal Espinet. Se le notificó además de dicho traspaso por el emplazamiento que le notificaron en el pleito establecido según parece el mismo día que el demandante adquirió los créditos, y no hay nada que indique que se hizo ningún pago a los anteriores dueños de ninguno de los créditos objeto del litigio. El artículo 347, *supra,* determina expresamente que tales créditos podrán ser transferidos sin el consentimiento del deudor y lo que en él se dispone en cuanto a la notificación es principalmente con el fin de protegerlo contra un doble pago. En vista de las circunstancias nos vemos obligados a declarar que la omisión en alegar la notificación formal de la cesión hecha de los diferentes créditos y el requerimiento previo del demandante como cesionario no es fatal para la demanda.

La undécima causa de acción era una cuenta contraída directamente con el demandante, que en dicha causa de acción se alega que es una sociedad mercantil, y se dice que la supuesta ambigüedad consiste en la duda que existe respecto a si el demandante es tal sociedad mercantil, o un individuo particular que hace negocios a su propio nombre. Indudablemente que debió haber sido alegada en el párrafo inicial de la demanda la capacidad con que litiga el demandante, pero no hay alegación alguna respecto a dicha capacidad que no sea la que ha sido alegada en la undécima causa de acción, y no existe más que un demandante y no se ha demostrado nin-

gún perjuicio; por tanto no podemos resolver que la desestimación de la excepción previa por la corte sentenciadora es un error que da lugar a la revocación de la sentencia.

Los documentos de que se hace mención en el tercer señalamiento de error, la objeción formulada a su admisión, resolución de la corte y excepción tomada, aparecen transcritas en la exposición del caso como sigue:

"Escritura No. 68, sobre modificación y prórroga de un contrato social otorgado en 22 de mayo de 1912, ante el notario Don Rosendo Matienzo Cintrón, por Don José y Don Miguel Romaguera y Roura y Don Manuel González y Martínez, en la cual se expresa que existe en la ciudad de Ponce, una sociedad mercantil denominada 'José Romaguera & Ca.' de la cual es socio gestor-administrador con el uso de la firma social, Don José Romaguera; socio comanditario Don Manuel González y apoderado general Don Miguel Romaguera, cuyo contrato social vencería el día 1 de julio de 1912, y por la presente escritura se prorroga por cuatro años más los que vencerían el día 1 de julio de 1916.

"Escritura No. 19, otorgada en Ponce en 3 de marzo de 1913, ante el notario Don Nemesio R. Canales por los mismos señores José y Miguel Romaguera y Roura y Don Manuel González y Martínez, en la que después de hacer relación de la anterior escritura de prórroga y las que le precedieron para la formación de la sociedad, acuerdan lo siguiente:

" '1ª. Don José y Don Miguel Romaguera y Roura y Don Manuel González y Martínez, como únicos socios de la sociedad José Romaguera & Ca., la declaran totalmente disuelta y sin ningún valor ni efecto las escrituras Nos. 257, 240 y 168 de fechas 18 de julio de 1908, 1 de julio de 1910 y 22 de mayo de 1912, ante el Notario Don Rosendo Matienzo Cintrón respectivamente; y en su consecuencia todos los socios de común acuerdo declaran la sociedad 'José Romaguera & Ca.' en estado de liquidación de esta fecha.

" '2ª. Es convenido entre los socios en nombrar como nombran el compareciente Don José Romaguera liquidador de la sociedad José Romaguera & Ca., a quien trasmiten todas las facultades que por la ley corresponden a los liquidadores, debiendo procederse inmediatamente a la realización de los bienes sociales para extinguir el pasivo y cubrir el capital aportado, de acuerdo con los preceptos del Código de Comercio, y sin ninguna intervención de los demás socios.'

"El demandado se opuso a la presentación de tales documentos porque con ellos se quiere probar el hecho primero de la novena causa de acción que dice:

" 'José Romaguera & Ca. es una sociedad mercantil establecida en la ciudad de Ponce en la cual tiene establecimiento de comercio de fabricación y venta de licores."

"Que la sociedad está disuelta y puesta en liquidación, y José Romaguera nombrado liquidador de la misma a la fecha de la demanda.

"La corte admite las escrituras porque entiende que la sociedad existe, siendo la liquidación un estado de la sociedad. El demandado toma excepción."

Puesto que el apelante meramente reproduce en su alegato el fundamento de su excepción en forma más explícita sin citar ninguna autoridad en oposición a la resolución de la corte inferior, o alegar que hubo sorpresa o perjuicio, o cualquiera otra buena razón para que se revoque la sentencia por este fundamento, opinamos que la incongruencia es inmaterial y el error cometido, si es que alguno se cometió, no perjudica.

El cuarto señalamiento de error se refiere a una cuestión de hecho que fué claramente resuelta por la corte inferior. Es verdad que la prueba en cuanto a este punto no es muy satisfactoria, pero en tales casos se presume que existe la causa mientras no se demuestre otra cosa, y el demandado estaba en la obligación de probar que hubo fraude, simulación y falta de causa que se alega en la contestación. El no presentó prueba en absoluto, pero se fundó enteramente en el examen de repreguntas con respecto al particular, y no vemos que exista un error tan manifiesto por parte del juez sentenciador al pesar la prueba aducida que exija la revocación de la sentencia.

Y a nada conduciría que hiciéramos una consideración detenida de los razonamientos aducidos por el apelante en apoyo de los señalamientos 5º. y 6º., de todo aquello que en cuanto a los mismos no haya sido ya considerado, bien directamente o por deducción y analogía en lo que ya hemos expresado.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.